# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **VIOLATIONS OF THE** |
| BROADMARK REALTY CAPITAL INC., ) | **FEDERAL SECURITIES LAWS** |
| JEFFREY B. PYATT, KEVIN M. LUEBBERS, ) | |
| STEPHEN G. HAGGERTY, DANIEL J. ) | JURY TRIAL DEMANDED |
| HIRSCH, DAVID A. KARP, NORMA J. ) | |
| LAWRENCE, and PINKIE D. MAYFIELD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Broadmark Realty Capital Inc. ("Broadmark" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Ready Capital Corporation ("Ready Capital").[1]

2.      On February 26, 2023, the Company entered into an Agreement and Plan of

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Ready Capital and Ready Capital's wholly owned subsidiary, RCC Merger Sub, LLC ("Merger Sub").  The Merger Agreement provides that Company stockholders will receive 0.47233 shares of Ready Capital common stock per share of Broadmark common stock in connection with the Proposed Transaction.

3.      The Company's corporate directors subsequently authorized the April 20, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for May 30, 2023.

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Broadmark's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.     Plaintiff is, and has been at all times relevant hereto, the owner of Broadmark common stock.

10.     Defendant Broadmark is a Maryland corporation with its principal executive offices located at 1420 Fifth Avenue, Suite 2000, Seattle, Washington 98101.  Broadmark's common stock trades on the New York Stock Exchange under the ticker symbol "BRMK." Founded in 2010, Broadmark operates as a commercial real estate finance company in the United States.  The Company engages in underwriting, funding, servicing, and managing a portfolio of short-term trust loans to fund the construction and development, or investment in residential or commercial properties.  Broadmark is taxed as a real estate investment trust ("REIT") for federal income tax purposes.

11.     Defendant Jeffrey B. Pyatt is and has been Chairman of the Board, Interim Chief Executive Officer, and a director of the Company at all times relevant hereto.

12.     Defendant Kevin M. Luebbers is and has been Interim President and a director of the Company at all times relevant hereto.

13.     Defendant Stephen G. Haggerty is and has been a director of the Company at all times relevant hereto.

14.     Defendant Daniel J. Hirsch is and has been a director of the Company at all times relevant hereto.

15.     Defendant David A. Karp has been the Lead Independent Director of the Company at all times relevant hereto.

16.     Defendant Norma J. Lawrence is and has been a director of the Company at all times relevant hereto.

17.     Defendant Pinkie D. Mayfield is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

19.     On February 27, 2023, Ready Capital and the Company jointly announced in relevant part:

New York, NY, February 27, 2023 /Globe Newswire/ – **Ready Capital Corporation (NYSE:RC) ("Ready Capital),** a multi-strategy real estate finance company that originates, acquires, finances and services small-to-medium balance commercial loans, and **Broadmark Realty Capital Inc. (NYSE:BRMK) ("Broadmark"),** a specialty real estate finance company that

specializes in originating and servicing residential and commercial construction loans, announced today that they have entered into a definitive merger agreement pursuant to which Broadmark will merge with Ready Capital. Upon completion of the merger, Ready Capital is expected to have a pro forma equity capital base of $2.8 billion.

Under the terms of the merger agreement, each share of Broadmark common stock will be converted into 0.47233 shares of Ready Capital common stock, or a total of approximately 63 million shares of Ready Capital common stock. The respective closing stock prices for Ready Capital and Broadmark on February 24, 2023 imply an offer price of $5.90 per Broadmark share, representing a 41% premium or approximately 0.85x tangible book value as of December 31, 2022. Upon the closing of the merger, Ready Capital stockholders are expected to own approximately 64% of the combined company's stock, while Broadmark stockholders are expected to own approximately 36% of the combined company's stock.  In addition, Ready Capital will assume Broadmark's outstanding senior unsecured notes.

Based on the closing price of Ready Capital's common stock on February 24, 2023, the market capitalization of the combined company is approximately $2.2 billion.  The combined company will operate under the name "Ready Capital Corporation" and its shares will trade on the NYSE under the existing ticker symbol "RC." Waterfall Asset Management, LLC will continue to manage the combined company.

"We are excited about the continued growth of our commercial real estate investment platform with the Broadmark transaction and believe it will provide strategic and financial benefits to all shareholders," stated Ready Capital Chairman and Chief Executive Officer Thomas Capasse.  "We believe our asset management and workout experience, along with the synergies we expect to realize, position us well over the long-term."

"We are thrilled to join the Ready Capital team to usher in a new chapter of growth for both organizations by forming the 4th largest commercial mortgage REIT," said Broadmark Chairman and Interim Chief Executive Officer Jeffrey Pyatt.  "Our synergies are undeniable given the complementary skillsets, product offerings and geographic footprint.  The Broadmark team is looking forward to working closely with our colleagues at Ready Capital to maximize the potential of our combined platform and deliver value for our shareholders."

**Anticipated Benefits to Ready Capital and Broadmark Stockholders from the Merger**

- Highly Synergistic Business Models with Natural Alignment Across Geographies, Products, Sponsors, and Credit Philosophies: Ability for

the combined company to capture economics throughout the full lifecycle of a property and retain sponsor relationships beyond construction and/or bridge stages.

- Strategically and Financially Compelling: Synergistic franchises and optimized capital management, among other factors, create a highly accretive transaction.
- Robust Liquidity Supported by Proven Asset Management and Diversified Access to Funding: Immediate deleveraging benefit to Ready Capital with the opportunity to prudently optimize capital and enhance the earnings profile of the combined company.
- Significantly Increased Scale and Opportunities for Operational Efficiency: Creates the 4th largest commercial mortgage REIT with increased operational leverage.
- Proven Acquisition Track Record Provides Long-Term Upside to Shareholders: Integration and post-close growth strategy informed by Ready Capital's six mergers and acquisitions since 2016.

Additional information on the transaction and the anticipated effects on Ready Capital can be found in the investor deck relating to the merger on Ready Capital's website.  The investor deck is also furnished by Ready Capital in a Current Report on Form 8-K on the date hereof.

**Management, Governance and Corporate Headquarters**

Upon completion of the merger, Ready Capital's Chairman, Chief Executive Officer and Chief Investment Officer, Thomas Capasse, will continue to lead the company and Ready Capital executives Jack Ross, Andrew Ahlborn, Gary Taylor and Adam Zausmer will remain in their current roles.  The combined company will remain headquartered in New York, New York.  The Board of the combined company is expected to increase by three Broadmark-designated directors to twelve directors.

**Timing and Approvals**

The transaction has been unanimously approved by each of the Boards of Directors of Ready Capital and Broadmark.  The transaction is expected to close during the second quarter of 2023, subject to the respective approvals by the stockholders of Ready Capital and Broadmark and other customary closing conditions.

**Advisors**

Wells Fargo Securities, LLC is acting as exclusive financial advisor and Alston & Bird LLP is acting as legal advisor to Ready Capital.  J.P. Morgan Securities LLC is acting as exclusive financial advisor to Broadmark.  Sidley Austin LLP

is acting as legal advisor and Bryan Cave Leighton Paisner LLP is acting as tax legal advisor to Broadmark.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on April 20, 2023  The Proxy Statement, which recommends that Broadmark stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's and Ready Capital's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan").

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company and Ready Capital*

21.     The Proxy Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying the Company's forecasted calculation of Distributable Earnings.  The Proxy Statement similarly fails to disclose this information for Ready Capital.

22.     The Proxy Statement also fails to disclose the synergies considered by J.P. Morgan in connection with its fairness opinion.[3]

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analyses*

23.     The Proxy Statement fails to disclose material information concerning J.P. Morgan's financial analyses.

24.     With respect to the *Ready Capital Dividend Discount Analysis* performed by J.P.

---

[3] *See* Proxy Statement at 86.

Morgan, the Proxy Statement fails to disclose Ready Capital's 2026 estimated tangible book value.

25.     With respect to the *Public Trading Multiples* analysis and *Selected Transaction Multiples Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual multiples and financial metrics of the companies and transactions considered by the financial advisor.

26.     With respect to J.P. Morgan's analysis of analyst share price targets for Broadmark and Ready Capital, the Proxy Statement fails to disclose the individual price targets observed and their sources.

27.     The omission of the above-referenced information renders statements in the "Certain Broadmark Unaudited Prospective Financial Information," "Certain Ready Capital Unaudited Prospective Financial Information," and "Opinion of Broadmark's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

28.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Broadmark**

29.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

30.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Broadmark is liable as the issuer of these statements.

31.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

32.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

33.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

34.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

35.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

36.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

37.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38.     The Individual Defendants acted as controlling persons of Broadmark within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Broadmark and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

41.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

42.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other relief as this Court may deem just and proper.

11

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 10, 2023

**ACOCELLI LAW, PLLC**

By:

*/s/ Richard A. Acocelli*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com